**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HENRY HETTINGER,**

    **Plaintiff,**

v.                                                                           Case No:

**MACY'S CREDIT AND**
**CUSTOMER SERVICES,**
**INC.,**                                                                **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

    **COMES NOW**, Plaintiff, **HENRY HETTINGER** ("Mr. Hettinger" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **MACY'S CREDIT AND CUSTOMER SERVICES, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in using an automatic telephone dialing system or an artificial or prerecorded voice to place calls to Mr. Hettinger's Cellular Telephone number attempting to collect a debt owed by an unknown third

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **1** of **11**

party when Mr. Hettinger had never provided consent for Defendant to place calls to his Cellular Telephone, and even after Mr. Hettinger expressly revoked consent for Defendant to place calls to his Cellular Telephone.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. This matter arises out of a "Debt" or "consumer debt" as defined by Fla. Stat. § 559.55 (6).

6. Plaintiff, Mr. Hettinger, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

7. Mr. Hettinger is an "alleged debtor" within the definition of Fla. Stat. § 559.55 (8).

8. Mr. Hettinger is the regular user and subscriber of the Cellular Telephone number 727-***-5260 ("Mr. Hettinger's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).

9. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of OH and its registered agent, CORPORATE

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **2** of **11**

CREATIONS NETWORK INC., located at 11380 Prosperity Farms Road #221E Palm Beach Gardens, FL 33410.

### *Statements of Fact*

10. In early 2016, Defendant began placing calls to Mr. Hettinger's Cellular Telephone.

11. In its calls, Defendant asked for a "Morgan Holway," in attempts to collect on an alleged debt ("Debt").

12. In or around October of 2017, Mr. Hettinger answered at least one of Defendants calls and demanded that Defendant stop calling him.

13. During that conversation, Mr. Hettinger also informed Defendant that he has no knowledge of "Morgan Holway" or any other individual that Defendant may be attempting to reach.

14. Mr. Hettinger informed Defendant that the Cellular Telephone number 727-***-5260 belongs to Mr. Hettinger and not "Morgan Holway" or any other individual.

15. Mr. Hettinger informed Defendant that he does not owe the Debt.

16. Mr. Hettinger has no prior business relationship with Defendant.

17. Despite Mr. Hettinger's demand that Defendant stop calling, Defendant continued to call Mr. Hettinger's Cellular Telephone in attempts to collect the Debt.

18. Despite Mr. Hettinger's demand, Defendant called Mr. Hettinger's Cellular Telephone at least one hundred and fifty (150) more times in attempts to collect the Debt.

19. Defendant left at least one prerecorded voice message after placing a call to Mr. Hettinger's Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **3** of **11**

20. Defendant called Mr. Hettinger's Cellular Telephone from at least two (2) different telephone numbers, including, but not limited to: 480-929-3000 and 800-947-6229.

21. All of Defendant's calls were placed to Mr. Hettinger's Cellular Telephone in attempts to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

22. Mr. Hettinger re-alleges paragraphs 1-21 and incorporates the same herein by reference.

23. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, Cellular Telephone service, . . . or any service for which the called party is charged for the call.

24. Mr. Hettinger never provided any consent for Defendant to call Mr. Hettinger's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

25. This is because Mr. Hettinger had no prior business relationship with Defendant to provide consent for Defendant to call Mr. Hettinger's Cellular Telephone number by the use of ATDS or artificial voice or prerecorded message.

26. Despite never having Mr. Hettinger's prior express consent to call Mr. Hettinger's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message,

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **4** of **11**

Defendant called Mr. Hettinger's Cellular Telephone at least one hundred and fifty (150) times.

27. Each of the calls that Defendant placed to Mr. Hettinger's Cellular Telephone was placed in an attempt to collect an alleged Debt from someone other than Mr. Hettinger.

28. Further, Mr. Hettinger expressly revoked consent to have Defendant call Mr. Hettinger's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around October of 2017 when he expressly told Defendant to stop calling him.

29. Mr. Hettinger also expressly revoked consent to have Defendant call Mr. Hettinger's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around October of 2017 when he expressly told Defendant that he did not owe the debt that Defendant was attempting to collect.

30. Mr. Hettinger expressly revoked consent to have Defendant call Mr. Hettinger's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around October of 2017 when he expressly told Defendant that "Morgan Holway" nor any other individual besides Mr. Hettinger was at Mr. Hettinger's Cellular Telephone number.

31. Despite this revocation of consent, Defendant continued to call Mr. Hettinger's Cellular Telephone.

32. Mr. Hettinger never provided Defendant with Mr. Hettinger's Cellular Telephone number.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **5** of **11**

33. Defendant did not place any emergency calls to Mr. Hettinger's Cellular Telephone.

34. Defendant willfully and knowingly placed non-emergency calls to Mr. Hettinger's Cellular Telephone.

35. Mr. Hettinger knew that Defendant called Mr. Hettinger's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Defendant on his Cellular Telephone before a live representative of Defendant came on the line.

36. Mr. Hettinger knew that Defendant called Mr. Hettinger's Cellular Telephone using a prerecorded voice because Defendant left Mr. Hettinger at least one voicemail using a prerecorded voice.

37. Defendant used an ATDS when it placed at least one call to Mr. Hettinger's Cellular Telephone.

38. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Hettinger's Cellular Telephone.

39. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Hettinger's Cellular Telephone.

40. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Hettinger's Cellular Telephone.

41. At least one call that Defendant placed to Mr. Hettinger's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **6** of **11**

42. At least one call that Defendant placed to Mr. Hettinger's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

43. At least one call that Defendant placed to Mr. Hettinger's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

44. At least one call that Defendant placed to Mr. Hettinger's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

45. At least one call that Defendant placed to Mr. Hettinger's Cellular Telephone was made using a prerecorded voice.

46. Defendant has recorded at least one conversation with Mr. Hettinger.

47. Defendant has recorded more than one conversation with Mr. Hettinger.

48. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Hettinger, for its financial gain.

49. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Hettinger's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' Cellular Telephone number from Defendant's call list.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **7** of **11**

50. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Hettinger, despite individuals like Mr. Hettinger revoking any consent that Defendant may have to place such calls.

51. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's Cellular Telephones, like the calls that it placed to Mr. Hettinger's Cellular Telephone.

52. Defendant has corporate policies to abuse and harass consumers like Mr. Hettinger despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

53. Defendant's phone calls harmed Mr. Hettinger by trespassing upon and interfering with Mr. Hettinger's rights and interests in his Cellular Telephone line.

54. Defendant's phone calls harmed Mr. Hettinger by wasting his time.

55. Defendant's phone calls harmed Mr. Hettinger by being a nuisance and causing him aggravation.

56. Defendant's phone calls harmed Mr. Hettinger by causing a risk of personal injury to Mr. Hettinger due to interruption and distraction.

57. Defendant's phone calls harmed Mr. Hettinger by causing him to lose sleep.

58. Defendant's phone calls harmed Mr. Hettinger by causing him emotional distress.

59. Defendant's phone calls harmed Mr. Hettinger by invading his privacy.

60. All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **8** of **11**

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems equitable.

*Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

61. Mr. Hettinger re-alleges paragraphs 1-21 and incorporates the same herein by reference.

62. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 559.72(7), Fla. Stat. by willfully communicating with Mr. Hettinger with such frequency as can reasonably be expected to harass Mr. Hettinger, and by continuing to place calls to Mr. Hettinger's Cellular Telephone despite Mr. Hettinger's repeated demands that Defendant cease its calls, which can reasonably be expected to harass Mr. Hettinger.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **9** of **11**

    b. Defendant violated 559.72(9), Fla. Stat. by attempting to collect on a debt and/or amounts known to be illegitimate that belongs to an unknown third party.

63. As a result of the above violations of the FCCPA, Mr. Hettinger has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

64. Defendant's actions have damaged Mr. Hettinger by invading his privacy.

65. Defendant's actions have damaged Mr. Hettinger by causing him embarrassment.

66. Defendant's actions have damaged Mr. Hettinger by causing him stress.

67. Defendant's actions have damaged Mr. Hettinger by causing him aggravation.

68. Defendant's actions have damaged Mr. Hettinger by harming his reputation.

69. Defendant's actions have damaged Mr. Hettinger by causing him emotional distress.

70. Defendant's actions have damaged Mr. Hettinger by causing him to lose sleep.

71. It has been necessary for Mr. Hettinger to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

72. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b. Awarding actual damages;

    c. Awarding punitive damages;

    d. Awarding costs and attorneys' fees;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **10** of **11**

e. Ordering an injunction preventing further wrongful contact by the Defendant; and

f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Henry Hettinger, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 7, 2017**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

*/s/  Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Hettinger v. Macy's Credit and Customer Services, Inc.*
Page **11** of **11**